IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 05-02 Erie |
| ) | |
| KEITH ALLEN PROCTOR ) | |

**GOVERNMENT'S OBJECTIONS TO THE PRESENTENCE REPORT**
**AND MOTION FOR UPWARD DEPARTURE**

AND NOW comes the United States of America, by and through its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Christian A. Trabold, Assistant United States Attorney for said district, and avers as follows:

On January 11, 2005, a federal grand jury returned a three count indictment against Proctor charging him with one count of transportation of material depicting the sexual exploitation of a minor (18 U.S.C. §2252(a)(1)), one count of receipt of material depicting the sexual exploitation of a minor (18 U.S.C. §2252(a)(2), and one count of possession of material depicting the sexual exploitation of a minor (18 U.S.C. §2252(a)(4)(B)). Proctor pleaded guilty to all three counts of the indictment on March 9, 2006.

Proctor's presentence report omits several specific offense characteristics which result in an increase in Proctor's

offense level.[1]  The government is prepared to present evidence supporting each increase in offense level at sentencing.

I. **Objections to the Presentence Report**

    A. **Distribution for receipt of a thing of value**.

An increase of five offense levels is mandated for the distribution of material involving the sexual exploitation of a minor if the distribution was "for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain." U.S.S.G. § 2G2.2(b)(2)(B). Application Note 1 indicates:

> "Distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain" means any transaction, including bartering or other in-kind transaction, that is conducted for a thing of value, but not for profit. "Thing of value" means anything of valuable consideration. For example, in a case involving the bartering of child pornographic material, the "thing of value" is the child pornographic material received in exchange for other child pornographic material bartered in consideration for the material received.

U.S.S.G. § 2G2.2, Application Note 1.

It is well established that the five level increase in offense level for distribution contemplated in U.S.S.G. § 2G2.2(b)(2) does not require pecuniary gain. United States v. Probel, 214 F.3d 1285, 1289-91 (11th Cir. 2000); United States v. Lorge, 166 F.3d 516 (2nd Cir. 1999); United States v. Hibbler, 159

---

[1] Citations to sections of the Sentencing Guidelines refer to the Guidelines Manual which went into effect November 5, 2003.

F.3d 233, 237-38 (6th Cir. 1998); United States v. Black, 116 F.3d 198 (7th Cir. 1997). Rather, the five level enhancement is implicated for trading or bartering similar items. Id.

At Proctor's sentencing, the government will present evidence that Proctor sent multiple e-mails with child pornography attachments, via the Internet, to others. It is apparent from several e-mails sent by Proctor that he was trading images of child pornography with other like minded persons via the Internet. For example, on July 28, 2004, Proctor, using the America Online (AOL) username "Lil91Roadrunner" sent an e-mail containing child pornography to AOL user "EIGERKING" with a subject line reading "Re: 21 PICS." On August 1, 2004, Proctor, using the AOL username "Mad69biteingdog" sent an e-mail with child pornography images attached to AOL user "Bellalilo" with a subject line reading "Re: Thank you." On August 3, 2004, Proctor, utilizing the AOL username "Mad69biteingdog", sent two e-mails containing multiple child pornography images to AOL user "POWDERPUFF12M." These e-mails contain a subject line which reads "Re: send bondage and young only." There are several other similar e-mails sent by Proctor which justify the five level enhancement for distribution. The e-mails demonstrate that Proctor was engaged in bartering of child pornography and the heinous images he distributed were in consideration for the receipt of similarly despicable images of child exploitation. At a minimum, the e-mails demonstrate that

Proctor distributed child pornography with the expectation that he would receive similar images in return.  Thus, a five level increase in offense level is warranted, not the two level increase assessed in the presentence report.

      **B.  Proctor has engaged in a pattern of activity involving the sexual abuse or exploitation of a minor.**

A five level increase in offense level is warranted under U.S.S.G. § 2G2.2(b)(4) if the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. The pattern of activity means:

> any combination of two or more separate instances of the sexual abuse or sexual exploitation of a minor by the defendant, whether or not the abuse or exploitation (A) occurred during the course of the offense; (B) involved the same or different victims; or (C) resulted in a conviction for such conduct.

U.S.S.G. § 2G2.2, Application Note 1.  This application note clearly establishes that expanded relevant conduct may be considered under U.S.S.G. § 1B1.3(a)(2) for the purpose of enhancing a defendant's sentence under U.S.S.G. § 2G2.2(b)(4). United States v. Williamson, 439 F.3d 1125, 1139-40 (9th Cir. 2006); See United States v. Ashley, 342 F.3d 850, 852 (8th Cir. 2003)(five level enhancement affirmed for the defendant's conviction for sexually abusing his children five years prior to his federal conviction); United States v. Anderton, 136 F.3d 747, 751 (11th Cir. 1998).  The Williamson court affirmed the application of the five

4

level enhancement for a pattern of sexual abuse or exploitation based upon the defendant's uncharged molestation of his granddaughter and his history of sexually abusing others. Williamson, 439 F.3d at 1140.

Moreover, a district court may consider hearsay evidence in determining a defendant's sentence so long as the hearsay evidence is reliable. United States v. Polson, 285 F.3d 563, 566 (7th Cir. 2002)(citations omitted). When the evidence submitted by the prosecution contains sufficient indicia of reliability, the defendant must come forward with some evidence other than an unsupported denial to establish its inaccuracy. Id. (citation omitted). In Polson, the Seventh Circuit affirmed the district court's five level pattern of sexual abuse enhancement which was partly based upon multiple layers of hearsay. Id. at 566-68.

Further, numerous courts have affirmed the pattern of activity enhancement even for conduct which was significantly remote from the offense conduct giving rise to the indictment. See United States v. Woodward, 277 F.3d 87, 91-92 (1st Cir. 2002) (defendant's twenty year old sexual assault convictions properly utilized as the basis for the pattern enhancement); United States v. Lovaas, 241 F.3d 900, 903-04 (7th Cir. 2001) (defendant's decades old sexual assaults on minors justified the pattern enhancement); United States v. Amirault, 224 F.3d 9, 11-12 (1st Cir. 2000) (enhancement affirmed for defendant's sexual exploitation of his

5

minor sisters-in-law, which occurred twenty years prior to the defendant's possession of child pornography conviction).

The government is prepared to offer evidence at the sentencing that in addition to his prior Pennsylvania conviction for indecent assault upon a thirteen-year-old victim, Proctor has molested two other children. The evidence will indicate that Proctor molested T.P., a minor male, on multiple occasions beginning when the child was eight and ending when T.P. was ten. Proctor rubbed T.P.'s gential area and also performed oral sex on T.P. on more than one occasion.

The evidence will also indicate that Proctor molested K.P., a minor female, by touching her vagina and forcing her to touch his penis. Additionally, Proctor watched as T.P. touched K.P. in an inappropriate manner.

Therefore, Proctor has engaged in a pattern of sexual abuse or exploitation of minor which consists of his prior indecent assault upon a thirteen-year-old, his repeated molestation of T.P., and his indecent contact with K.P.

II.  **Motion for Upward Departure**

The court should depart upward from Proctor's guideline range because the five level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor does not adequately reflect the seriousness of the conduct

involved.  Application Note 2 to U.S.S.G. § 2G2.2 provides, in part:

> an upward departure may be warranted if the defendant received an enhancement under subsection (b)(4) but that enhancement does not adequately reflect the seriousness of the sexual abuse or exploitation involved.

See Williamson, 439 F.3d at 1140.

Here an upward departure beyond the five level enhancement is warranted for several reasons.  First, the evidence will demonstrate that Proctor sexually abused or exploited minors on numerous occasions, far more than the two required for the application of the enhancement.  See Ashley, 342 F.3d at 852 (two instances of molestation enough to warrant the enhancement).  Second, Proctor was in a position of trust to T.P. and K.P. when he molested them.  Third, Proctor's abuse of T.P. began when he was in the first grade and continued until he was ten years of age.  Proctor's abuse of K.P. occurred when she was less than seven years old.  Sexually abusing children of such tender years demonstrates a heightened level of depravity not sufficiently covered by the five level enhancement.

Finally, after the abuse, Proctor told T.P. not to tell anyone or Proctor would hurt him.  This malevolent intimidation of a young child is not adequately addressed by the enhancement.  For all these reasons, an upward departure is warranted.

_____The court should departure upward by four offense levels.

That amount reflects an increase of one offense level for each of the four points addressed above which justify the upward departure. Proctor's pattern of abuse activity, coupled with the charged offense conduct, starkly demonstrates his inability to conform his conduct to the requirements of the law and basic human decency. Likewise, Proctor's depravity since his indecent assault conviction unequivocally demonstrates his total inability to rehabilitate himself.  Lastly, the court should be ever mindful that Proctor has repeatedly victimized the most vulnerable among us, under circumstances which will surely exact a heavy toll upon these children for many years to come.

### III.  Conclusion

WHEREFORE, for the foregoing reasons the government respectfully requests that its objections to the presentence report and motion for upward departure be granted.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


S/Christian A. Trabold
Christian A. Trabold
Assistant U.S. Attorney
Pa Id. No. 75013