IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) Criminal No. 05-02 Erie |
| v. | ) |
| | ) |
| KEITH ALLEN PROCTOR | ) |

**MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE,
MOTION FOR PROTECTIVE ORDER**

The Erie County Office of Children & Youth, by and through its counsel, Assistant County Solicitor George Joseph and the Office of County Solicitor, and submits the following Motion to Quash Subpoena or, in the alternative, Motion for Protective Order:

1. The Assistant Federal Public Defender has served a subpoena upon Vickie Babcock, Caseworker for the Erie County Office of Children & Youth, requesting a copy of her complete case files, as noted hereinafter, for use in connection with the criminal matter currently pending involving the defendant, Keith Allen Proctor.

2. To the knowledge and understanding of the Erie County Office of Children & Youth (OCY), the defendant, Keith Allen Proctor, has pleaded guilty to child pornography charges and is scheduled to be sentenced shortly.

3. OCY currently has open case files for minor children, T.G.(P.) (date of birth 11/24/1992) and K.G.(P.)(date of birth 7/21/1997). Both children are currently in placement through OCY.

4. During their involvement with OCY, both children have provided videotaped statements to the Child Advocacy Center, which OCY understands are now in the possession of

the United States Attorney's Office and which statements are proposed to be used at the sentencing hearing for Keith Allen Proctor.

5. To the knowledge of OCY, the videotaped statements of the children do not involve any statements concerning the charges of child pornography to which the defendant has pleaded; nor, to the knowledge of OCY, are the children victims or exploited children depicted in the child pornography materials involved in the charges against the defendant.

6. In response, to the knowledge of OCY, the federal Public Defender's Office has subpoenaed the case files for both children seeking to discover information that may be used to rebut the videotaped statements. The subpoena was served upon Vickie Babcock, OCY Caseworker, and requires the production of the documents requested to the Court, as follows:

> To include producing the complete case file, to include but not limited to all interview notes, reports, psychological or psychiatric reports, court summaries, videotapes, evaluations, and records regarding [T. G.(P.)], Date of Birth 11/24/1002 (sic) and [K.G.(P.)], Date of Birth 7/21/1997.

7. Provisions of the Pennsylvania Child Protective Services Law protect the disclosure of certain information and reports maintained by OCY, and specifically make reports made pursuant to the Law, including, but not limited to, report summaries of child abuse and written reports made pursuant to Section 6313(b) and (c) (relating to reporting procedure) of the Law, as well as any other information obtained, reports written or photographs or X-rays taken concerning alleged instances of child abuse in the possession of OCY confidential. 23 Pa.Con.Stat.Ann. §6339.

8. Moreover, the exceptions to the rule of confidentiality as provided in the Child Protective Services Law do not apply so as to permit disclosure. 23 Pa.Con.Stat.Ann. §6340. The only exception that would appear to apply is sub-section (5) which would make reports

available to a court of competent jurisdiction, pursuant to court order or subpoena. However, such disclosure is limited to a criminal matter involving a charge of child abuse, which is not the case in this matter.

9. In addition, even the disclosure through oral testimony is subject to the restrictions preventing the identification of any person who made a report of suspected child abuse or the person who cooperated in a subsequent investigation. Law enforcement officials are required treat all reporting sources as confidential informants. 23 Pa.Con.Stat.Ann. §6340(c). Consequently, any mandatory reporter information, including interview notes, reports and similar documents would be protected as information from confidential sources and not subject to disclosure.

10. Finally, both children have a court-appointed *guardian ad litem* with regard to the placement through OCY, from the Erie County Public Defenders' Office who has an interest on behalf of the children and should be consulted concerning the disclosure of psychological and/or psychiatric reports and evaluations of the children.

11. The OCY case files for both children are voluminous, and the documents and information involving confidential sources and protected information makes redaction of the confidential information burdensome and impractical.

12. The subpoena lacks specificity with regard to the information sought and is, thus, defective on its face and, accordingly, unenforceable and should be quashed.

13. Similar subpoenas were issued to two caseworkers at Family Services of Northwest Pennsylvania ("Family Services"), and a Motion to Quash Two Subpoenas has been filed on behalf of the two caseworkers and Family Services. The legal bases for quashing the

subpoenas, as presented on behalf of Family Services applies as well to Vickie Babcock, the caseworker for OCY, and the legal analysis set forth in the Family Services Motion to Quash is hereby incorporated by reference thereto and made a part hereof, as if more fully set forth herein.

14. If required by the court, OCY will make the case files for both children available for an *in camera* review by the court to determine what, if any, information ought to be provided in response to the subpoena. OCY seeks a protective order preventing the disclosure of any case file information until after such an *in camera* review by the court.

WHEREFORE, the Erie County Office of Children & Youth respectfully requests that this Honorable Court issue a protective order excusing OCY from complying with the subpoena from the federal Public Defender's Office, quashing the subpoena in its entirety, or, in the alternative, directing an *in camera* review of the subject case files by the court, together with such other relief as the court shall deem just and appropriate.

Respectfully submitted,

COUNTY OF ERIE
OFFICE OF COUNTY SOLICITOR

By_____
George Joseph, Esquire
Pa.I.D.No. 36606
2222 West Grandview Blvd.
Erie, PA  16506
Telephone:  (814) 833-2222
Facsimile:  (814) 833-6753
gjoseph@quinnfirm.com
Assistant County Solicitor, for the
Erie County Office of Children & Youth

Document #321344, v1