NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1186

UNITED STATES OF AMERICA

v.

KEITH ALLEN PROCTOR,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 05-cr-00002-1)
District Judge: Honorable Sean J. McLaughlin

Submitted Under Third Circuit LAR 34.1(a)
May 22, 2008

Before: SMITH, HARDIMAN and NYGAARD, *Circuit Judges*.

(Filed: June 2, 2008)

OPINION OF THE COURT

HARDIMAN, *Circuit Judge*.

Keith Allen Proctor appeals an order of the District Court imposing conditions of

supervised release following his guilty plea to possession, receiving, and transporting

material depicting the sexual exploitation of a minor in violation of 18 U.S.C. §§ 2252(a)(1), (a)(2), and (a)(4)(B). We will affirm.

Following Proctor's guilty plea, the District Court imposed a sentence of 198 months in prison and supervised release for life. A district court has broad discretion to impose conditions of supervised release and a life term is specifically contemplated by 18 U.S.C. § 3583(k). *See United States v. Smith*, 445 F.3d 713, 716 (3d Cir. 2006). That discretion is not unlimited, however, as conditions must be reasonably related to the factors in 18 U.S.C. § 3553(a)(1) & (2)(B)-(D) and comport with the parsimony provision of 18 U.S.C. § 3583(d)(2). *See United States v. Loy*, 237 F.3d 251, 256 (3d Cir. 2001).

Here, the District Court found that lifetime supervised release was warranted in light of the seriousness of Proctor's crimes involving child pornography and his criminal history which includes, *inter alia,* the molestation of a 13 year-old girl, the furnishing of alcohol to minors, and the possession of a document which attempts to justify pederasty. In light of these facts, the District Court did not abuse its discretion in ordering Proctor to serve a lifetime term of supervised release.

Proctor next argues that the District Court erred when it imposed the following conditions of supervised release:

> [Proctor] shall submit his person, residence, place of business, computer, and/or vehicle, to a warrantless search conducted and controlled by the United States Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. [Proctor] shall inform any other residents that his

2

>premises and his computer may be subject to a search pursuant to this condition.

Proctor insists that this special condition is unusually broad, particularly with respect to a warrantless search of his place of business.

We first note that most of the conditions imposed by the District Court — those regarding Proctor's person, residence, computer, and vehicle — are specifically authorized by statute. *See* 18 U.S.C. §§ 3563(b)(23) and 3583(d). In light of Proctor's history, those conditions are reasonably related to the § 3553(a)(1) & (2) factors. *See Loy*, 237 F.3d at 256. Unlike the aforementioned conditions, the warrantless search of Proctor's place of business is not specifically authorized by statute. *See* 18 U.S.C. § 3563(b)(23). The conditions enumerated in § 3563(b)(23) are not exhaustive, however. As § 3583(d) makes clear, the court may impose "any other condition it considers to be appropriate." Likewise, 18 U.S.C. § 3563(b)(22) notes that the sentencing court may require the defendant to "satisfy such other conditions as [it] may impose," provided that those other conditions are reasonably related to the § 3553(a) factors.

Proctor cites no case holding that it is unreasonable to require a supervised releasee to submit to a warrantless search of his workplace. Indeed, imposing this condition on Proctor, who used computer software to share images depicting child pornography with others over the internet, is reasonably related to the § 3553(a) factors of deterrence, protection, and rehabilitation. *See Loy*, 237 F.3d at 256. The fact that this may affect Proctor's employer is of no moment because Proctor lacks standing to object

3

that this condition would violate the Fourth Amendment rights of a prospective employer or co-worker. *See Rakas v. Illinois*, 439 U.S. 128, 143 (1978) (a third party has standing to challenge the constitutionality of a search only when one has a "legitimate expectation of privacy" in the premises or items searched).

Nor does the warrantless search of Proctor's place of business infringe on his personal liberties more than is reasonably necessary. Although this condition might well impair Proctor's ability to find a job, we find that it is necessary to meet the goals of 18 U.S.C. § 3583(d)(2) in light of Proctor's offenses. Therefore, the District Court did not abuse its discretion in requiring Proctor to submit to warrantless searches at his place of business.

Finally, Proctor claims that the District Court improperly delegated judicial authority to the probation officer when it ordered Proctor to refrain from associating with children except under the supervision of persons approved in advance by the probation officer and to participate in substance abuse, mental health, and sex offender treatment as directed by the probation officer. Because Proctor did not object to these conditions at sentencing, we review this argument for plain error. *See United States v. Voelker*, 489 F.3d 139, 153 (3d Cir. 2007).

Although Proctor was ordered to fulfill the substance abuse, mental health, and sex offender treatment conditions "as directed by the probation officer," we read these conditions as mandatory. Proctor must undergo mental health/sex offender treatment programs and substance abuse testing. If that testing indicates that treatment is needed,

then Proctor must undergo substance abuse treatment. The probation officer has discretion over the administrative details of these programs, but no control over these requirements *per se*. Thus, this case is unlike *United States v. Pruden*, 398 F.3d 241, 245 (3d Cir. 2005), where the district court ordered the defendant to participate in mental health treatment "at the *discretion* of the probation officer." (emphasis added).

As for the condition that Proctor not associate with children unsupervised, the District Court found that Proctor had a "long history of preying on children." This condition is distinguishable from that in *Voelker*, where the restriction on unsupervised contact did not distinguish between the defendant's own children and other children. Thus, Voelker's probation officer had "sole authority for deciding if he will ever have unsupervised contact with any minor, *including his own children*, for the rest of his life." *See Voelker,* 489 F.3d at 154 (emphasis added). Here, on the other hand, Proctor lost all parental rights to his children and stepchildren in 2003. Accordingly, the probation officer could not infringe upon parental rights that Proctor no longer possesses.[1] Therefore, we find that the imposition of these conditions was not plain error, particularly in light of Proctor's impulsive sexual behavior toward children — including his own stepchildren — and his inability to resist child pornography.

For all of the foregoing reasons, we will affirm the judgment of the District Court.

---

[1] Should the conditions of Proctor's supervised release prove too onerous in practice, the District Court could modify those conditions. *See* 18 U.S.C. § 3583(e)(2); *see also Loy*, 237 F.3d at 270.